**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
_TallaHassee_ **DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
**TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983**

_ESCAMilLA MARCO LVAN_
iNmate# _____
_FRANCIS N. ELLiENNE_
iNmate# _____
_LiBRUN JEAN-HENRiQUEZ_,
Inmate # _A76-988-353_ .
  (Enter full name of Plaintiff)


vs.                                         CASE NO: _4:05-CU-339-mP-AK_
                                              (To be assigned by Clerk)

_DAVid HARVEY," SHERiFF,"_
_GRANGER J. CARSON,_
_MARTiN THOMAS J. "CAPTAiN,"_
_M^cCARTHY CLYdE E. "CAPTAiN,"_
_MiLLER JARED F. "DiRECTOR."_

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)


## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

05 SEP 15 PM 1: 06

2005 SEP 14 PM 4: 11

RECEIVED

FILED

STRICKLAND TONY L., "LIEUTENANT"
SLATER B.,
BRADFORD J.,          "SERGEANT"
BARWICK ROBERT S.,   "OFFICER"
SLAYTON HAROLD D.,   "OFFICER"
    SUED IN THEIR INDIVIDUAL CAPACITIES
    AT WAKULLA COUNTY JAIL.
ALBERTO GONZALES, "U.S. ATT. GENERAL."
MICHAEL CHERTOFF, "DIRECTOR DHS"
MICHAEL ROZOS, "FIELD DIRECTOR REMOVAL."
TOM RIDGE. "SECRETARY OF DHS."
            "REGIONAL DIRECTOR."
    SUED IN THEIR INDIVIDUAL CAPACITIES
    DEFENDANTS.

- 2 -

2.   Have you been incarcerated for *at least* six (6) months:   Yes ( )        No ( X )

3.   Have you been confined in the facility listed above (question #1) for the six months preceding the filing of this case?                                                              Yes ( )   .   No ( X )

4.   If not, where else have you been held: _____ *NONE* _____ when: *NONE* _____

5.   .   Are you presently employed?                              Yes ( )        No ( X )

   a.   If yes, amount of salary or wages: *NONE* Employer: *NONE*

   b.   If no, date of last employment: *03 - 31 - 04*   Salary: *$300 WEEKLY*

6.   Have you received any money from any of the following sources within the past 12 months:

   a.   Business, profession, or self-employment?          Yes ( )        No ( X )

   b.   Payments from rent, interest, or dividends?         Yes ( )        No ( X )

   c.   Pensions, annuities, or life insurance payments?   Yes ( )        No ( X )

   d.   Disability or worker's compensation payments?      Yes ( )        No ( X )

   e.   Gifts, inheritances, or any other sources?          Yes ( )        No ( X )

7.   Do you have any money in a checking or savings account?   Yes ( )        No ( Y )

   If yes, state the total amount (including money in prison bank account): *NONE*

8.   Do you own any real estate, stocks, bonds, notes, automobiles, boats, or other valuable property (excluding ordinary household furnishings and clothing)?          Yes ( )        No ( X )

   If yes, describe the property and its approximate value: _____ *NONE* _____

9.   List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____
   _____ *NONE* _____

I hereby declare under penalty of perjury that the above information is true and correct.

*Libreu Jean-Henriques*
SIGNATURE OF PLAINTIFF

*09/02/2009*
DATE

*- Attach Inmate Bank Account Printouts to this Motion -*

Revised 07/02

2

1_ Plaintiff Librun Jean-Henriquez, And Plaintiff Francis N. Ettienne, And Plaintiff Escamilla Marco Ivan, ARE I.N.S. detainees and they're currently detained at Wakulla County Jail, 15 Oak Street, Crawfordville, Fla. 32327.

2_ Defendant David Harvey is sued in his official capacity as sheriff of Wakulla County, He is oversees all Policies and the Procedures in Respect to Providing Humane in the Facility through his duties, He must ascertain that No issues of unconstitutional are Raised while the Facility is Running for I.N.S. detention Purpose, in turn his deputies must make sure they are in whole abiding by the U.S. Constitution, He is sued in his official capacity for Prospective injunctive and declaratory Relief And Punitive damages for cost of all time spent in Litigation.

3_ Defendants Martin Thomas J. And McCarthy Clyde E. are the captain at the Wakulla County Jail, they Responsibilities are to ensure that all Grievances and all Rules of the Jail are Properly Handled under Constitutional and Federal Regulations

including Defendants Strickland Tony L. and Slater B. are a Lieutenant. and also Defendant Bradford J., she is a Sergeant, Defendants Earwick Robert S., and Slayton Harold D., are Officer. and Defendant John Doe, is the Colonel at Wakulla County Jail.

4. Defendant Alberto Gonzales, is sued in his official capacity as the Att. General of the United States. in that capacity, he has responsibility for the administration and enforcement of the immigration rules and laws pursuant to 8 U.S. C. §1103 and is a legal custodian of the plaintiff.

5. Defendants Tom Ridge is sued in his official capacity as Secretary of Homeland Security. and Defendant Michael Chertoff is sued in his official capacity as Director of Homeland Security; in that capacity, they also has responsibility for Administration and enforcement of the immigration laws pursuant to 8 U.S. C. §1103 and is plaintiffs legal custodian.

6. Defendant Michael Rozos is sued in his official capacity as Field Office Dir.

- 4 -

DiRector For Detention and Removal in the Miami District office, U.S. immigration and Customs Enforcement, as Field office director For Detention and Removal He is the Plaintiffs' Legal Custodia.

7_ Defendant Miller Jared, is sued in His official capacity as Sheriff of Wakulla County, the County Sheriff's in whose Physical custody Plaintiffs they're being Held. DHS Has a Contract with Wakulla County Sheriff's to Hold Physical custody of Plaintiffs and other Federal immigration detainees. As Wakulla County Sheriff. He is Plaintiffs Legal custodian.

8_ Defendant Jane Doe. She is sued in Her official capacity as Regional Dist. Director at 9403 Tradeport drive, Orlando, Florida. 32827. She is in charge of the all administrative duties and policies which regarding I.N.S. detainee detention At Wakulla County Jail. She Has Responsibility For the administration and Enforcement of the immigration laws and Rules to insure all detainees Housed at Wakulla County Jail are treated Fairly under civil Right.

**4.    Disciplinary Actions**

a.    Did you have a disciplinary hearing concerning this matter?

Yes(   )                    No(*X*)

❖  If so, you must attach a copy of the disciplinary report and disciplinary
hearing team's findings and decision to this form; exhibit *NONE*

b.    Did you lose gaintime as a result of the disciplinary hearing?

Yes(   )                    No(*X*)

c.    Has the gaintime since been restored?

Yes(   )                    No(*X*)

**B.    DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY
JAIL OR DETENTION CENTER?**

Yes(*X* )                    No(   )

[If your answer is NO, proceed to Section IV of the complaint form.
If your answer is YES, answer the following questions.]

1.    Is there a grievance procedure at your institution or jail?

Yes(*X* )                    No(   )

[If your answer is NO, proceed to Section IV of the complaint form.  If your
answer is YES, answer all of the following questions in this subsection.]

2.    Did you submit a grievance concerning the facts relating to your complaint?

Yes(*X* )                    No(   )

3.    If your answer is YES:

a. What steps did you take? *EMERGENCY GRIEVANCES*

b. What were the results? _____ *UNANSWERED* _____

❖ If so, you must attach a copy of the grievance and response; exhibit *N/A* .

4.    If your answer is NO, explain why not: _____ *NONE* _____

_____ *NONE* _____

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL
OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED,
THAT FACT MUST BE DISCLOSED AS WELL.

## IV.   PREVIOUS LAWSUITS

A.   Have you initiated other actions in **state court** dealing with the same or similar
facts/issues involved in this action?
Yes( )                    No( X )

1. Parties to previous action:
   a.   Plaintiff(s): _____ NONE _____
   b.   Defendant(s): _____ NONE _____
2. Name of judge: __ NONE _____       Case #: __ NONE ____
3. County and judicial circuit: _____ NONE _____
4. Name of judge: _____ NONE _____
5. Approximate filing date: _____ NONE _____
6. If not still pending, date of dismissal: _____ NONE _____
7. Reason for dismissal: _____ NONE _____
8. Facts and claims of case: _____ NONE _____
   _____ NONE _____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar
facts/issues involved in this action?

Yes( )                    No( X )

1. Parties to previous action:
   a.   Plaintiff(s): _____ NONE _____
   b.   Defendant(s): _____ NONE _____
2. District and judicial division: _____ NONE _____
3. Name of judge: _____ NONE ____       Case #: __ NONE ____
4. Approximate filing date: _____ NONE _____
5. If not still pending, date of dismissal: __ NONE _____
6. Reason for dismissal: _____ NONE _____
7. Facts and claims of case: _____ NONE _____
   _____ NONE _____

**(Attach additional pages as necessary to list other federal court cases.)**

8

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(  )                    No(✗)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a.  Plaintiff(s): _____ NONE _____
   b.  Defendant(s): _____ NONE _____
2. District and judicial division: _____ NONE _____
3. Name of judge: _____ NONE _____        Case #: _____ NONE _____
4. Approximate filing date: _____ NONE _____
5. If not still pending, date of dismissal: _____ NONE _____
6. Reason for dismissal: _____ NONE _____
7. Facts and claims of case: _____ NONE _____
   _____ NONE _____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes(  )                    No(✗)

1. Parties to previous action:
   a.  Plaintiff(s): _____ NONE _____
   b.  Defendant(s): _____ NONE _____
2. District and judicial division: _____ NONE _____
3. Name of judge: _____ NONE _____        Case Docket # _NONE_
4. Approximate filing date: ___ NONE ___   Dismissal date: _NONE_
5. Reason for dismissal: _____ NONE _____

**(Attach additional pages as necessary to list cases.)**

## V.     STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1 - PLAINTIFFS ARE CIVIL DETAINEES IN IMMIGRATION PROCEEDINGS HOUSED AT WAKULLA COUNTY JAIL PER INS CONTRACT.

2 - PLAINTIFFS' DETENTION IS ADMINISTRATIVE AND CIVIL IN NATURE WITHIN LEGAL PROCESS OF LEGALITY. PLAINTIFFS ALLEGES THAT THEY SHOULD NOT NOT BE HOUSED AT WAKULLA COUNTY JAIL IN A PUNITIVE SETTING WHERE THEY'RE BEING PUNISHED BY CRUEL AND UNUSUAL MEANS. NOTE BE ADVISED THAT CRUEL AND UNUSUAL PUNISHMENT IS PROHIBITED BY THE EIGHT AMENDMENT OF THE UNITED STATES CONSTITUTION.

3 - PLAINTIFFS ARE BEING DENIED THEY'RE FIRST AND FOURTEENTH AMENDMENT RIGHTS TO FREELY EXERCISE THEY'RE RELIGION. THIS STEMS FROM THERE NOT BEING ANY RELIGIOUS SERVICES AFFORDED TO DHS DETAINEES. UNLIKE THE FACT THAT DOC INMATES ARE PROVIDED WITH RELIGIOUS SERVICES AND RELIGIOUS MATERIAL WHICH PLAINTIFFS ARE LIKEWISE DENIED.

4. CURRENTLY THERE ISN'T EVEN A CHAPLAIN ON STAFF THAT PLAINTIFFS ARE AWARE OF.

5 - FURTHERMORE, PLAINTIFFS SIXTH AMENDMENT RIGHT TO DEFEND THEMSELF PRO SE HAS BEEN VIOLATED. THIS DUE TO NOT BEING PROVIDED

7.

AN ADEQUATE MEANS to Litigate they're CASES WITH the Board of immigration appeal (BIA) or the Circuit courts, the Federal courts and the state criminal courts via an appropriately available Law Library.

6 — Since Plaintiffs arrived at Wakulla County Jail, they're have been unable to access the Law Library, despite they're efforts of submitting requests and several grievances.

7 — Plaintiffs are denied the right to adequate opportunity to communicate with they're families and the rest of the outside of the world because the phone system at Wakulla County Jail is structured for only collect calls.

8 — Moreover, the telephone service provider, Parlett communications has numerous security features that hinders the Plaintiffs from having normal access by phone to parties that for example have collect or Long distance blocks on their phones in order to make their phones bills more affordable.

9 — There are even countries that are

.11.

UNABLE to ACCEPt collect PHONE CALLS FROM the U.S. due to the Fact that the World OPERAtes ON diFFERENt time ZONES, the Price RAtiNGs diFFER WHEN MAKING PHONE CALLs to these COUNtRiES. IN turN MAKING that A HEAVY FiNANCIAL bURDEN ON the PLAINtiFFs' FAMILY, FRIENd OR other PEOPLE WHO MAY BE ASSOCIAted with.

10 _ PLAINtiFFs ARE deNied BASIC PROVISIONS AS SIMPLE AS; A). BEiNG Able to PURCHASE A RADio FROM the Jail COMMISSARY FOR RECREAtiONAL PURPOSES. B). BEiNG Able to WEAR GYM SHOrts ANd REGULAR T-SHirts iN LIVING AREA OF dORMitORY, But iNstEAd is FORCED UNDER the Jail POLICIES to WEAR A Jail UNIFORM 24 HOURS A day.

11 _ DEFENDANts ONLY ALLOW PLAINtiFFs to PURCHASE A MEAGER AMOUNt of oNLY $15.00 iN COMMISSARY FOOD PRODUCts COMPARED to other DHS civil detention FACILItIES, this is A UNREASONABLE Limit.

12 _ DEFENDANts have deNied PLAINtiFFs ACCESS to the CoURts ANd AttORNEYS by REFUSING to MAILING PLAINtiFFs iNdigENt LEGAL dOCUMENts to the coURts ANd to

_ 11 _

ATTORNEYS AT THE GOVERNMENT EXPENSE.

13 — ACCORDING TO ABA STANDARDS; INDIGENT DETAINEES WILL BE PERMITTED CORRESPONDENCE LEGAL MAIL OF ACCESS TO THE COURTS, ATTORNEYS AND ANY OTHER LEGAL CORRESPONDENCE WITH OFFICE AT THE GOVERNMENT EXPENSE.

14 — PLAINTIFFS SHOULD BE AFFORDED THE RIGHT TO BE TREATED IN A DECENT AND HUMANE CONDITION, BEING PUT IN A PUNITIVE SETTING WHILE PENDING I.N.S. PROCEEDINGS IS DEGRADING TO ANY DHS DETAINEES; SEE ARTICLE 16 (1) OF THE CONVENTION AGAINST TORTURE AND OTHER CRUEL AND INHUMANE OR DEGRADING TREATMENT.

15 — PLAINTIFFS ALLEGES THAT THE AFORE MENTIONED ABUSIVE TREATMENT IS CLEARLY UNJUSTIFIABLE ON ACCOUNT THAT THEY'RE DETENTION IS THAT OF THE DEPARTMENT OF HOMELAND SECURITY CIVIL DETAINEES PURSUANT TO THE EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION CRUEL AND UNUSUAL PUNISHMENT IS FORBIDDEN.

16 — PLAINTIFFS STATES THAT THERE IS NO LEGISLATIVE REASON OR EXTRAORDINARY

Circumstance why the Government should
place them in detention in respect to
the foregoing conditions. When there
are in fact other DHS facilities that
are more adequately structured to
accommodate someone as the Plaintiffs
civil DHS detention.

# DENIAL OF DUE PROCESS

17_ PLAINTIFFS' DUE PROCESS HAVE BEEN denied BY BEING TRANSFERRED "PER" the INS / DHS / ICE to WAKULLA COUNTY JAIL FROM AN INS / DHS / ICE FACILITY that MEETS ALL REQUIREMENTS to HAVE INS/DHS/ICE CIVIL detainees IN detention As MANDATED BY the ABA (AMERICAN BAR ASSOCIATION) DETENTION STANDARDS At;

KROME NORTH SERVICE PROCESSING CENTER
18201 S.W. 12ª STREET
MIAMI, Florida   33194

18 _ PLAINTIFFS HAVE Filed A NUMBER of GRIEVANCES to the administration STAFF At WAKULLA COUNTY Jail AND WITH the INS/ DHS / ICE complaining about the MATTER WHICH WENT UNANSWERED AND/OR BEING INSUFFICIENTLY RESPONDED to them Without HOPE that they'RE WILL PROPERLY LITIGATE they'RE IMMIGRATION CASES AND CRIMINAL CASES. THIS LEADS PLAINTIFFS to deduce that JUSTICE, RESPECT FOR HUMAN dignity, AND CONSTITUTIONAL RIGHTS ARE Not CLEARLY RECOGNIZED HERE.

_14_

12. _Plaintiffs Being Housed at the Wakulla County Jail in Punitive Setting and Structured Policies Violate they're Constitutional Rights. Plaintiffs Should Not Be treated Punitively in No Way or Form.

## Plaintiff LiBrun's Statement of Facts.

20 — On the morning of August 21, 2005, about 9:45 AM. defendant S. Barwick came to Plaintiff LiBrun assignment Buate and call the Plaintiff inmate.

21 — Plaintiff responding to defendant Barwick and inform him that he is not an inmate But a detainee.

22 — During that event, defendant Barwick abusive and stating to Plaintif "You are an inmate because you illegal in this U.S. Country mother Fucking Nigger immigrant Black mother Fucker We got something for You." and then left.

23 — On the same day of August 21, 2005 Plaintiff submitted a number emergency complaints and grievances to defendants McCarlly and T. Martin which regarded to the above described officer Barwick abuse conduct and serious threatened against the Plaintiff.

24 — Each one of the Plaintiff emergency complaints and grievances went unanswered and defendants McCarlly. And Martin failed to take corrective action.

-16-

25__ ON AUGUST 22, 2005, About 3:30PM, THE PLAINTIFF WAS ORDERS to STEP outside OF HIS ASSIGNMENT DUATE "A-3" BY dEFENDANTS SLAYTON AND BARWICK FOR UNKNOW REASON.

26__ ONCE PLAINTIFF STEP OUT THE DUATE HE WAS ORDER to PLACE HIS ARM BEHIND HIS BACK BY OFFICERS SLAYTON AND BARWICK WERE OFFICER BARWICK BECAME AbusivELY WHILE PLACING THE HANDCUFFS ON THE PLAINTIFF HANDS.

27__ DURING THESE EVENT, PLAINTIFF FOR NO REASON WAS REAPEATEDLY SUBJECT to PHYSICAL UNJUSTIFIABLE USE OF FORCE BY dEFENDANTS SLAYTON AND BARWICK.

28__ PLAINTIFF WAS ESCORTED to HOLDING CELL AND dURING THE ESCORTING, PLAINTIFF WAS REPEATED SLAPPED IN THE HEAD, FACE, EARS, CHEST, AND MOUTH BY dEFENDANTS BARWICK AND SLAYTON WITHOUT ANY JUSTIFIABLE REASON.

29__ DURING THE REPEATEDLY PHYSICAL USE OF FORCE AGAINST PLAINTIFF. DEFENDANTS SLAYTON AND BARWICK SHOUDING "YOU black FUCKING NIGGER IMMIGRANT, THIS IS A SMALL TOWN, WE WILL FUCK YOU UP AND KILL YOU AND NO ONE WILL KNOW NOTHING ABOUT YOU.

__17__

PLAINTIFF WAS PLACING IN THE HOLDING CELL BEHIND THE BACK OF THE OFFICER STATION.

30_ WHILE IN THE HOLDING CELL. PLAINTIFF WAS SUBJECT TO A NUMBER OF DEATH THREATS BY DEFENDANTS BARWICK AND SLAYTON, WERE PLAINTIFF'S REQUESTED TO BE EXAMINE BY JAIL MEDICAL STAFF BECAUSE PLAINTIFF'S MOUTH WAS CONTINUOUSLY BLEEDING INCLUDE LACERATION TO HIS ARMS, TWISED, BACK, ELBOW AND HEAD RECEIVING DURING THE BEATING.

31_ PLAINTIFF EMERGENCY MEDICAL REQUESTS WAS IGNORED AND DENIED BY DEFENDANTS D. SLAYTON AND S. BARWICK.

32_ SHORTLY AFTER PLAINTIFF WAS PLACED IN THE HOLDING CELL, DEFENDANT MARTIN CAME TO THE HOLDING CELL CARRYING AN ELECTRIC TEASER AND ACCOMPANIE BY DEFENDANT MONACE. WERE AGAIN PLAINTIFF'S REQUESTED TO BE EXAMINE AND RECEIVE TREATMENT BY THE JAIL MEDICAL STAFF.

33_ DEFENDANTS MARTIN AND MONACE HAS IGNORED AND DENIED PLAINTIFF'S EMERGENCY MEDICAL ATTENTION. WERE DEFENDANT MARTIN BEGAN THREATS PLAINTIFF STATING THAT " IF PLAINTIFF FILE ANY COMPLAINT OR GRIEVANCES

AGAINST OFFICERS At WAKulla COUNTY JAIL iN
tHAT HE WILL MAKE SURE tHAT PLAINTiFF BE
LEASER LiLL PLAINTIFF PASS out. DEFENDANT
MARTIN CONTINUE StATING to PLAINTiFF "YOU
ARE A FUCKING iNMIGRAtE iNMAtE, YOU don't
KNOW WHO YOU ARE FUCK WitH iN tHis JAIL,
YOUR FAMILY WiLL FOUND YOU MiSSING HERE,
tHis is A SMALL town, WE CONTROL HERE Not
I.N.S." AND tHEN LEFt tHE PLAINTiFF's CELL.

34 — ON AuGust 21, 2005, About 11:40 PM,
PLAINTiFF RECEiVE A NOTICE OF LETTER
FROM tHE BOARD OF iMMIGRATION COURT
OF APPEALS "BIA" AND FROM tHE ELEVENtH
CIRCUIT COURT OF APPEALS WARNING HiM
tHAT HE HAVE FOURTEEN days to COMPLY
WitH COURT ORDERS WHICH REGARD to
PLAINTiFF iMMiGRATION APPEAL PENDING
CASE iN BOtH COURTs.

35 — ON AuGust 23, 2005, PLAINTiFF Submit
A REQUEST AND A GRIEVANCE to DEFENDANT
STRICKLAND REQUESTING iNDIGENT FREE LEGAL
3D WHitE SHEET BLANK PAPERS FOR DRAWING
A COURT ORDERS DEADLINE APPEALS BRIEF
iNCLUDING StAMPS AND ENVELOPES FOR MAILING
DEADLINE LEGAL DOCUMENTS to tHE COURTs.

36— DEFENDANT STRICKLAND INFORMED THE
PLAINTIFF THAT HE don't CARE About PLAINTIFF
COURT DEADLINE AND HE is NOT GOING to
PROVIDES THE PLAINTIFF WITH NEITHER LEGAL
PAPERS, STAMPS OR ENVELOPES FOR DRAWING
ANY PLEADINGS WITH THE COURTS OR ATTORNEYS
BECAUSE PLAINTIFF IS A CONFINMENT INMATE
AND THEN LEFT THE PLAINTIFF'S CELL. BOTH
OF THE PLAINTIFF'S REQUEST AND GRIEVANCE
WENT UNANSWERED.

37— ON AUGUST 24, 2005, About 3:10AM,
PLAINTIFF SUBMIT A REQUEST AND GRIEVANCE
to deFENDANT B. SLATER REQUESTING 30
WHITE BLANK LEGAL PAPERS FOR DRAWING
A DEADLINE APPEAL BRIEF WITH THE ELEVENTH
CIRCUIT COURT OF APPEALS WHICH REGARDED
to PLAINTIFF PENDING IMMIGRATION CASE IN
THAT COURT OF APPEALS.

38— DEFENDANT SLATER told the PLAINTIFF
THAT SHE don't CARE About the PLAINTIFF'S
DEADLINE AND SHE is NOT GOING to PROVIDES
PLAINTIFF WITH ANY LEGAL PAPERS FOR DRAWING
LEGAL PLEADINGS WITH THE COURTS OR ATTORNEYS
AND THEN LEFT THE CELL. BOTH OF PLAINTIFF'S
REQUEST AND GRIEVANCE WENT UNANSWERED.

39— ON August 25, 2005, about 3:15 PM. Plaintiff requested from Defendants J. Bradford and Strickland to have three of his deadline pleadings to be notarize for courts and attorneys.

40— Defendant Strickland stating that because Plaintiff is a confinement inmate and legal pleadings cannot be notary and then left the cell door.

41— Defendant Bradford stating that before notary any of the Plaintiff legal documents she must read all of them and then left the Plaintiff's cell door.

42— On the same day of August 25, 2005, about 4:45 PM. Defendant McCarthy came to Plaintiff's cell accompanie with sixth other officers who were carrying electric teaser.

43— Defendant McCarthy stated to Plaintiff "I'm seek of lire all these bull shit none sence complaints and grievance you write against my officers. You cannot getting no legal phone call. No legal papers. No stamps, no envelopes. And I don't care about any of your courts deadline and that you are

A CONFINMENT INMATE AND YOU CAN HAVE ALL OF THESE LEGAL PAPERS YOU HAVE IN YOUR CELL AND STICK IT ALL OF THEM UP IN YOUR BLACK ASS" AND THEM LEFT THE PLAINTIFF'S CELL.

44_ ON THE MORNING OF AUGUST 26, 2005, ABOUT 10:30 AM, OFFICER   WILLIAMS CAME TO PLAINTIFF'S CELL FOR INVESTIGATE PLAINTIFF'S EMERGENCY GRIEVANCE AGAINST DEFENDANTS SLAYTON, BARWICK AND MARTIN. WHILE OFFICER WILLIAMS WAS ALSO CONDUCT AN INVESTIGATE A DISCIPLINARY REPORT WRITE BE DEFENDANT BARWICK AGAINST THE PLAINTIFF.

45_ SHORTLY AFTER OFFICER WILLIAMS LEFT PLAINTIFF'S CELL. DEFENDANTS SLAYTON AND BARWICK CAME TO PLAINTIFF'S CELL DOOR AND BEGAN HARASS AND THREATS TO KILL THE PLAINTIFF, OTHERWISE IN RETALIATION ACTION FOR FILING COMPLAINTS AND GRIEVANCES AGAINST THEM.

46_ DEFENDANTS SLAYTON AND BARWICK LEFT THE PLAINTIFF'S CELL DOOR AND WENT TO THE BACK OF THE CELL INSIDE THE OFFICER STATION WERE DEFENDANTS BARWICK AND SLAYTON BEGAN KNOCKING LOUDE NOISE IN CELL WINDOW OTHERWISE TO HARASS, PUNISH

the Plaintiff in Retaliation Action For Filing complaints and Grievances Against them.

47 — Approximately 11:45AM of that day August 26, 2005, Defendant Slayton came in the front of Plaintiff's cell door with a Food Lunch tray and throwing it in the Floor stating that Plaintiff can go ahead now eat shit. And then left the Plaintiff's cell door.

48 — During the event described above Plaintiff did not Resist nor threats any of the named Defendants.

49 — Defendants D. Harvey and Miller Has Receive a number of complaints include Grievances in the Past contained allegations of officers abusive and misconduct also denied access to the courts and attorneys against I.N.S. detainees But Failed to take corrective action to control those officers abusive conduct in Retaliation Action against I.N.S. detainees as a Result For Filing complaints and Grievances Against Defendants in the Past and and Present.

50 — DEFENDANTS GONZALES, CHERLOFF, ROZOS, RIDGE AND JANE, HAS RECEIVING A NUMBER OF COMPLAINTS AND GRIEVANCES IN THE PAST FROM THE PLAINTIFF AND THE OTHER DETAINEES WHICH REGARDED to MISCONDUCT AND DENIED ACCESS to THE COURTS INCLUDING to ATTORNEYS AGAINST I.N.S. DETAINEES IN RETALIATION ACTION FOR FILING COMPLAINTS AND GRIEVANCES AGAINST OFFICERS at the WAKULLA COUNTY JAIL.

51 — DEFENDANTS GONZALES, CHERLOFF, ROZOS, RIDGE AND JANE  HAS FAILED to TAKE CORRECTIVE ACTION.

52 — PLAINTIFF WAS SUBJECT to A REPORT OF DISCIPLINARY ACTION AND RECEIVE 45 DAYS IN CONFINMENT BASE ON THE ABOVE DESCRIBE RETALIATION ACTION VIOLATION.

# Claims For Relief

52 _ Plaintiffs states that the Actions of the Aforementioned Defendants in Placing them in A Punitive setting is Wrong And in Violate Plaintiffs Eight, Sixth, Fifth And Fourteenth Amendment As Provided By the United States Constitution.

53 _ Plaintiffs states that the actions of Defendants HARVEY And Not Recognizing the conditions in Which the Plaintiffs And More than 80 I.N.S. detainees Are Housed in Wakulla County Jail Violates the Constitutional of the United States.

54 _ Plaintiffs states that defendants HARVEY And Miller. Actions under color of Law in Not Responding to they're Emergency complaints And Grievances Violated the Plaintiffs the due Process Right to the U.S. Constitution.

55 _ Plaintiffs states that Defendants Rozos, Gonzales, Chertoff, Ridge, And Jane Are in total violation of they described Constitutional Rights in this action For Not Responding to they're Grievance Forms And complaints which Addressed to they officers And including For

NOT RECOGNIZING THAT THE PLAINTIFFS SHOULD NOT BE HELD IN A COUNTY JAIL IN WHICH IT'S POLICIES ARE STRUCTURED FOR A PUNITIVE SETTING.

56_ PLAINTIFF LIBRUN STATES THAT DEFENDANTS BARWICK AND SLAYTON ACTIONS IN USING OF UNJUSTIFIABLE PHYSICAL FORCE AGAINST HIM IN WHICH HE WAS HANDCUFFS WITH HIS ARM BEHIND HIS BACK VIOLATED PLAINTIFF THE DUE PROCESS RIGHT PROHIBITING CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION.

57_ PLAINTIFF STATES THAT DEFENDANTS SLAYTON AND BARWICK ACTIONS IN USING UNJUSTIFIABLE PHYSICAL FORCE AGAINST HIM WHILE HANDCUFFS WITH HIS ARMS BEHIND IN RETALIATION ACTION FOR FILING COMPLAINTS AND GRIEVANCES VIOLATED PLAINTIFF'S FIRST, EIGHT AND FOURTEEN AMEND. TO THE U.S. CONSTITUTION.

58_ PLAINTIFF STATES THAT DEFENDANT BARWICK ACTION IN WRITING FALSE DISCIPLINARY REPORT AGAINST HIM IN RETALIATION ACTION FOR FILING COMPLAINTS AND GRIEVANCES AGAINST HIM. VIOLATES THE PLAINTIFF'S FIRST, EIGHT AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.

59_ PLAINTIFF states that defendants SLATER, MARTIN, McCARTHY, STRICKLAND and BRADFORD, actions in death threats him and including denied him access to Legal Materials, Courts and Attorneys which result PLAINTIFF's appeal was dismissed for lack of Prosecution. Thus clearly denied PLAINTIFF's due Process right of access to the Courts and Attorneys.

## B_ INJUNCTION RELIEF

60_ ISSUE AN EMERGENCY INJUNCTION which ordering defendants or their argents that are associated with their municipality to;

61_ immediately arrange to transfer the PLAINTIFF to a facility that is completely fit for Housing INS/DHS/ICE civil detainees in immigration Proceedings.

62_ in the alternative immediately amend the facilitie's Procedures and Requirements Housing INS/DHS/ICE detainees with the following ways that include but are not limited to; Providing an adequate access to the law library. Establishing a law

Library that is appropriate for litigating immigration cases. A complete list of the materials required are available at the DOJ website: www. ins. USdoJ. gov.

63 — Providing Religious Services and/or a chaplain to conduct reasonable religious practises that would unable detainees to conduct an adequate manner to worship regardless of what religion that detainees reasonably recognized.

64 — Follow the standards of detention for INS/DHS/ICE civil detainees that the ABA "American Bar Association Has issued which as being just.

C — COMPENSATORY DAMAGES.

65 — Award compensatory monetory damages against each defendants to plaintiffs that this Honorable court perceives as for the justifiable due to plaintiffs depression, humiliation, grief and over all state being on account of the plaintiffs difficult experience as a result of defendants actions.

## D — PUNITIVE DAMAGES.

66 — AWARD PUNITIVE MONETARY DAMAGES AGAINST EACH DEFENDANTS to PLAINTIFFS THAT THIS HONORABLE COURT PERCEIVES AS FOR THE JUSTIFIABLE due to PLAINTIFFS dEPRESSION, HUMILIATION, GRIEF AND OVER ALL STATE OF BEING ON ACCOUNT OF THE PLAINTIFFS SUFFER AND difficult EXPERIENCE AS A RESULT OF DEFENDANTS ACTIONS.

I PLAINTIFFS ESCAMILLA, ETTIENNE AND LIBRUN DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACTS INCLUDING ALL CONTINUATION PAGE ARE TRUE AND CORRECT. DONE ON THIS ___ DAY OF ___ 2005.

Escamilla Marco Ivan
ESCAMILLA MARCO IVAN
WAKULLA COUNTY JAIL.

Francis N. Ettienne
FRANCIS N. ETTIENNE
WAKULLA COUNTY JAIL

Librun Jean Henriquez
LIBRUN JEAN-HENRIQUEZ
WAKULLA COUNTY JAIL.

Date: 9/03/2005

# Witness    Testimony

We, the undersigned duly swear under penalty of perjury pursuant to 28 U.S.C. § 1746 that we have witnessed that the PLAINTIFFS:

1. have been denied adequate access to the Law Library

2. have not been given the option to participate in religious services, nor does the facility issue religious material.

3. are being kept in an over all punitive setting.

1. Sylvens Metzger    071-898-930
2. Rolle, Ducardo    A21-152-833
3. Mohumud Buchon    A43-524-236
4. Warrick Morrono    A-77-817-717
5. _____    A#41-597-553
6. _____    A#79-187-686
7. James M Weaver    A#22-204-172
8. _____    A 0174 178 329
9. Leyton _____
10. _____
11.